H. R. BUCKINGHAM, Appellee, *vs.* FRED ANGELL,
Appellant.

*Opinion filed February 19, 1909.*

1. ELECTIONS—*when witness may be required to tell for whom he voted.* In an election contest a voter may claim his personal privilege and refuse to testify upon the ground that his testimony may tend to incriminate him; but if it is proved that he had no right to vote, and he admits, without claiming his privilege, that he voted, he may be required to state for whom he voted, as the rule protecting a voter against disclosing for whom he voted is not designed to shield illegal voters.

2. SAME—*what warrants finding that a witness voted for defendant.* Where a witness, in a proceeding to contest the election of a school director, testifies that he does not know for whom he voted but that he received a ticket from the defendant and voted it, the court is justified in finding that the witness voted for the defendant.

3. SAME—*plat of school district is not conclusive of right of a person to vote.* A plat of a school district which fails to show that the land of a certain voter is within the district is not conclusive of the question of his right to vote at the school election, and it may be shown that his lands had been regularly annexed to the district by the board of trustees, even though the plat is of a later date than the annexation.

4. SAME—*what does not show that voter resides in a certain school district.* Where the plat of a school district does not include the land of a certain voter, mere proof that he had always voted in the district and sent his children to school there and that a petition had been presented to attach his land to the district does not show his residence in the district, there being no record of the petition proven nor any official action thereon shown.

APPEAL from the County Court of Union county; the Hon. A. D. WEBB, Judge, presiding.

W. D. LYERLE, and D. W. KARRAKER, for appellant.

GEORGE W. CRAWFORD, and JAMES LINGLE, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a proceeding instituted by Holly R. Buckingham to contest an election held on the 18th day of April, 1908, in school district No. 19 in Union county, for the purpose of contesting the election of a school director in that district. Fred Angell and Holly R. Buckingham were opposing candidates at that election, and according to the returns of the judges and clerk Angell received 118 votes and Buckingham 117. Angell was thereupon declared duly elected by the judges and he assumed the office. Upon a hearing of the contest in the county court Buckingham was found to have received 117 votes and Angell 116 votes. The court entered a judgment accordingly, finding that Buckingham had been duly elected. From this judgment Angell has prayed an appeal to this court.

In his petition appellee charges that Thomas P. Noble and Fount Noble each cast an illegal vote for appellant. This contention was sustained by the court, and by deducting these two votes from appellant the court reached the conclusion that the appellee was elected. The most serious contention of appellant is in respect to these two voters. In regard to these two votes appellant contends (1) that the court admitted and considered improper evidence by requiring the two persons whose votes were in question to testify for whom their votes were cast; and (2) that the weight of the evidence shows that the Nobles were both entitled to vote. Appellee charged in his petition that these two voters did not reside in the school district. Upon those questions Thomas P. Noble testified that he resided on the north-west quarter of the south-west quarter of section 16 and that he had resided there for about twenty years. A plat of school district No. 19 was identified and introduced in evidence. From this plat it appears that no part of section 16 is in school district No. 19. The evidence introduced by the appellee proved that the residence of Thomas P. Noble was not within the limits of this school district.

Fount Noble was a son of Thomas P. and resided in the house with his father. The appellant proved that Thomas P. Noble had always voted in district No. 19 and sent his children there to school, and that some years ago a petition had been signed for the purpose of having his land attached to district No. 19, but no record of such petition was presented, and so far as it appears no official action was ever taken in respect to it. We think the court correctly found that these two voters were not residents and not entitled to vote in district No. 19.

Appellant further contends that the court erred in requiring these voters to testify for whom they cast their votes. Upon the trial Thomas Noble was a witness and testified for the appellee in the first instance. He testified, without objection, that he attended the election in question and voted. When asked for whom he voted, objection was made by appellant that a voter could not be required to state for whom he voted. The objection was overruled and an exception taken. The witness not having claimed the privilege on the ground that his evidence might tend to incriminate him, the parties could not claim it for him. When the witness admitted he had voted without claiming his privilege he could not rightfully decline to answer for whom he voted. Not being a legal voter, it was as much a violation of the law to vote for one candidate as another. The question for whom the illegal vote was cast could neither add to nor detract from the legal quality of the act of voting. Nor could this witness be excused from answering the question upon grounds of public policy, which protects the legal voter against being compelled to disclose for whom he voted. This rule does not protect persons who vote illegally, from making a disclosure of how they voted. To give that rule this wide scope would be to make it shield alike the right and wrong, the honest and the dishonest. This rule is intended to protect the inviolable secrecy of an honest ballot and thus the purity of the ballot-box. It

therefore follows that it having been proven that Thomas Noble was not a legal voter in this school district, and he having failed to claim his personal privilege, the court did not err in requiring him to answer for whom he voted. McCrary on Elections, (4th ed.) sec. 494; *State* v. *Hilmantel*, 23 Wis. 309; *Sorenson* v. *Sorenson*, 189 Ill. 179.

The evidence of Fount Noble's was objected to by appellant and the objection was overruled. He did not claim his privilege or make any objection to testifying. He testified that he did not know for whom he voted, but admits that he received a ticket from appellant and voted the ballot that was handed him by appellant. We think that the evidence, although not at all conclusive, was sufficient to warrant the court in finding that this voter also voted for appellant. The court did not err in refusing to count these two ballots for appellant.

J. B. Anderson was called as a witness by appellant and testified that he had voted for appellee, and appellant contends that Anderson was not a legal voter in the district. Anderson testified that he lived on the north-west quarter of the south-west quarter of section 11, township 11, range 2, west. This tract of land does not appear to be in district No. 19 according to the plat above referred to. It also appeared in evidence from the assessor's books that this tract of land was assessed in school district No. 21. It is shown, however, by the testimony of John C. Lewis, township treasurer, and the records kept by him, that a petition was presented in 1901 for the purpose of having Anderson's land detached from district No. 1 and annexed to district No. 5, and that this petition was acted upon by the board of trustees of the township and allowed. The numbers of the districts as they appear in the record were the numbers of districts 19 and 21, respectively, as the same are numbered under the present law. We think that this evidence shows that Anderson was, in fact, a resident of school district No. 19 although he appears to be outside of the line

as shown by the plat. While the plat is of later date than the annexation proceeding, still we are inclined to agree with the court below that the plat is not conclusive, and that it was proper to show that Anderson had been regularly annexed to the district by the board of trustees. We agree with the court below that Anderson was entitled to vote in this election.

The only other voter whose right to vote was in controversy was John Milam, and as to him appellant concedes that the evidence is conflicting, and that it cannot be seriously insisted that the court erred in finding that he was entitled to vote.

We find no error of law in the rulings of the court, and we are not prepared to say that the conclusions reached upon controverted questions of fact are not supported by the preponderance of the evidence.

The judgment of the county court of Union county will be affirmed.

*Judgment affirmed.*